DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 3:22-cr-0020 |
| | ) |
| **TYRONE ORTIZ,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

**BEFORE THE COURT** is Defendant Tyrone Ortiz's ("Ortiz") Unopposed Motion to Continue Trial. (ECF No. 48.) For the reasons stated herein, the Court will grant the motion. The time to try this case is extended up to and including May 1, 2023.

On December 22, 2022, Ortiz filed the instant motion to continue. (ECF No. 48.) In his motion, Ortiz requests that his trial date—currently scheduled for January 9, 2023—be continued to allow his pending motion to suppress to be resolved, and for additional time to "determine how he wishes to proceed in the case given the ruling on the motion." *Id.* at 1. Ortiz further requests a minimum of fourteen days' notice prior to booking travel for upcoming hearings, as he currently resides in Georgia and would like to avoid incurring unnecessary travel costs. *Id.* Ortiz also filed an "Application and Checklist for Speedy Trial Extension" in which he waived his right to a speedy trial up to, and including, May 1, 2023, and requested additional time to "explore plea options and to adequately prepare for trial." (ECF No. 47.) The Government does not oppose the motion to continue. (ECF No. 48 at 2.)

Ordinarily under the Speedy Trial Act, a defendant must be tried within 70 days from the date of the information or indictment, or from the date the defendant appears before an officer of the court in which the charge is pending, whichever is later. 18 U.S.C. § 3161(c)(2). However, this time may be tolled for several reasons. To wit, if a court determines that the "ends of justice" served by a continuance outweigh the interest of the public and the defendant in a speedy trial, any resulting delay shall be excluded in computing time under the Act. *See* 18 U.S.C. § 3161(h)(7)(A).

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994) (finding that the district court had properly granted an "ends of justice" continuance to "permit plea negotiations to continue"); *see also United States v. Dota*, 33 F.3d 1179 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense.").

Here, the Court specifically finds that the ends of justice served by extending this period to allow the defendant an opportunity to prepare and decide upon the best defense outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). Therefore, the Court will toll the running of the speedy trial clock up to and including May 1, 2023.[1]

The premises considered, it is hereby

**ORDERED** that that Defendant Tyrone Ortiz's Unopposed Motion to Continue Trial, ECF No. 48, is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through May 1, 2023, **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the deadline to file any substantive motions has **EXPIRED**; it is further

**ORDERED** that any motion in limine **SHALL** be filed no later than April 17, 2023, and any response to such motion **SHALL** be filed by April 24, 2023. No further briefing on motions in limine **SHALL** be permitted unless authorized by the Court; it is further

---

[1] The Speedy Trial clock has been tolled in conjunction with the pending motion to suppress. The clock will also be tolled upon issuance of the Report and Recommendation to allow the parties to object thereto and the Court to take the matter under advisement. *See* 18 U.S.C. §§ 3161 (h)(1)(D), (H).

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than April 21, 2023, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than April 26, 2023;[2] and it is further

**ORDERED** that the Jury Selection and Trial in this matter **SHALL** commence promptly at 9:00 a.m. on May 1, 2023, in St. Thomas Courtroom 1.

**Dated:** December 22, 2022         /s/*Robert A. Molloy*
                                    **ROBERT A. MOLLOY**
                                    **Chief Judge**

---

[2] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.